## J. F. SMITH & BRO. v. C. FOX ET AL.

### (No. 2852.)

APPEAL from Galveston County. Opinion by WILLSON, J.

WAUL & WALKER, counsel for appellants.

W. B. DENSON, counsel for appellees.

§ **63.** *Amendment of judgment; case stated.* Appellants, having a judgment against one Rosenberg, garnished Chris. Fox, and said garnishee answered that he was indebted to said Rosenberg in the sum of $87.10. L. Falk, with leave of the court, intervened in the proceeding, alleging that the indebtedness mentioned in said garnishee's answer was due to him (Falk), and not said Rosenberg, and that said indebtedness amounted to $130, instead of $87, as stated in said garnishee's answer. In the county court, after appeal from justice's court, on a trial *de novo*, a verdict was returned for the intervenor, Falk, for $118, and upon this verdict the court rendered judgment in favor of said intervenor against said gar-

nishee, and also against appellants and the sureties on their appeal bond from justice's court for said sum of $118, and interest, and all costs. After appellants had perfected an appeal to this court from said judgment, intervenor Falk, at a term of the county court subsequent to the term at which said judgment was rendered, upon motion filed, of which motion appellants had notice, procured said judgment to be changed so as to make it a judgment in favor of said Falk, intervenor, against said garnishee, Fox, for said $118 and interest, and against appellants and their sureties on their appeal bond for the costs of both courts. In this court appellants move to strike from the record said judgment rendered upon said motion, because the same was rendered and entered without authority of law. Article 1355, Revised Statutes, and the decisions thereunder, are not, in our opinion, applicable in support of the action of the court changing the original judgment rendered and entered. In this case the original judgment was not amended merely as to a mistake, miscalculation or recital of a sum or sums of money, or of any name or names; but the amendment was as to material matter, changing the liabilities and the rights of the parties, and substituting a different judgment entirely, and in substance and legal effect, for the judgment originally rendered and entered. Such a change and substitution, after the term at which the original judgment was rendered and entered, and after appeal perfected, was, in our opinion, without authority of law, and we therefore sustain appellants' motion to strike said amended judgment from the record.

Upon the merits of the case, we are of the opinion that the verdict of the jury is sustained by the evidence, and that there is no error in the charge, or in any ruling of the court. We think the intervenor, Falk, was entitled to recover to the extent found in his favor by the verdict, that amount being within the jurisdiction of the court, and the whole of the indebtedness of the garnishee

being the issue before the court.   It was error, however,
to render judgment upon said verdict against appellants
and their sureties on their appeal bond for said indebted-
ness against the garnishee, Fox, for the costs.   We will
therefore reverse the judgment, and here render judg-
ment in favor of the intervenor, L. Falk, against the
garnishee, Chris. Fox, for the sum of $115.50 — the in-
tervenor, Falk, having entered a *remittitur* in the court
below of $2.50, together with interest on the sum of
$115.50 at eight per cent. per annum from March 29,
1889; and against appellants and William Pautsch and
John Rice, the sureties on the appeal bond from justice's
to county court, for all the costs incurred in justice's and
county court, and that appellants recover of intervenor
and appellee herein, L. Falk, the costs of this appeal.

March 15, 1890.                 Reversed and rendered.